CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Maria Barrera**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |
| v. | |
| **GPT GIG BOA Portfolio Owner LLC,** a Delaware Limited Liability Company; **Bank of America National Association,** a North Carolina Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Maria Barrera complains of Defendants GPT GIG BOA Portfolio Owner LLC, a Delaware Limited Liability Company; Bank of America National Association, a North Carolina Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from Rheumatoid Arthritis. She uses a wheelchair for mobility.

1

Complaint

2.   Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for Bank of America ("Bank") located at or about 3505 E. Imperial Hwy, Lynwood, California.

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.   Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

7.   The Plaintiff went to the Bank twice – once in March 2014 and once in September 2014.

8.   The Bank is a facility open to the public, a place of public accommodation, and a business establishment.

9.   At the bank, there are a number of service counters for surface transactions between the bank tellers and the customers. Unfortunately, there is no lowered transaction counter for use by persons with disabilities who use wheelchairs.  Instead, the transaction counters are about 46 inches in height above the finish floor.

10. The plaintiff personally encountered this problem. This inaccessible transaction counter denied the plaintiff full and equal access and caused her difficulty and frustration.

11. Plaintiff would like to return and patronize the Bank but will be deterred from visiting until the defendants cure the violation. Plaintiff lives about two blocks from the Bank. The Bank is conveniently located. Plaintiff would like to return.

12. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

13. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless

3

Complaint

of whether he personally encountered them).

14. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42  U.S.C. section 12101, et seq.)

15. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

16. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

  a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

Complaint

defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

17. Pursuant to section 7.2 of the ADAAG, in areas used for transactions that may not have a cash register but at which goods or services are sold or distributed including, but not limited to, ticketing counters, teller stations, registration counters in transient lodging facilities, information counters, box office counters and library check-out areas, either:

   (i) a portion of the main counter which is a minimum of 36 inches in length shall be provided with a maximum height of 36 inches; or

   (ii) an auxiliary counter with a maximum height of 36 inches in close proximity to the main counter shall be provided; or

   (iii) equivalent facilitation shall be provided (e.g., at a hotel registration counter, equivalent facilitation might consist of: (1) provision of a folding shelf attached to the main counter on which an individual with a disability can write, and (2) use of the space on the side of the counter or at the concierge desk, for handing materials back and forth).

18. In our case, the defendants failed to provide a lowered transaction counter for plaintiff to use for her banking transaction.

19. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily

Complaint

accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

20. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

21. Given its location and options, the Bank is a business that the plaintiff will continue to desire to patronize but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

24. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

6

Complaint

26. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

27. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a

7

Complaint

1 | statutory minimum of $4,000. Note: a plaintiff cannot recover under both
2 | acts, simultaneously, and an election will be made prior to or at trial.
3 |     3. Reasonable attorney fees, litigation expenses and costs of suit,
4 | pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: January 15, 2015          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

8

Complaint